Daniel G-. Albert, J.
Petitioner in this article 78 proceeding is an Assistant Vice-President and Bursar at Nassau Community College, with the honorary academic rank of Assistant Professor. She has been on a six-month sabbatical leave from March 1, 1973 and she seeks to compel the County of Nassau to release her salary checks retroactively to such date and prospectively to August 31, 1973. The county has withheld •such payments on the ground that, as a nonteaching employee of the college, petitioner is not entitled to sabbatical leave with pay. The county’s action, irrespective of its good faith, is improper, and judgment is granted petitioner for the relief sought.
It is conceded that petitioner is a nonteacher and does not fall within the collective bargaining unit which negotiated a contract with the county running through 1974. Nevertheless, petitioner is employed by the college and paid by the county, and the ‘1 Faculty Code ’ ’ clearly applies to one in her position (as conceded by respondent when it claims she should have utilized the grievance procedure outlined in such code and in the collective bargaining agreement). Such grievance procedure need not be utilized when “ the board is without authority to act. ’ ’ The grievance board would be unable to afford petitioner any relief in this case, since it is the county which is withholding her salary, and hence petitioner need not have exhausted her administrative remedies which clearly would have been a futile gesture on her part.
That portion of the faculty code dealing with sabbatical leave indicates that such leave may be awarded to faculty members (and petitioner is clearly a nonteaching faculty member) “ who propose projects to be carried out on released time, i.e., activities relevant to their discipline, which will enhance their professional competence and will enrich their teaching and/or service to the institution upon their return to the college. ’ ’ (Emphasis added.) Such a provision certainly contemplates a *318 nonteacMng faculty member being awarded sabbatical leave, otherwise the “ and/or service ” would be meaningless. Petitioner apparently has an associate degree and is studying at present for her bachelor’s degree to be awarded in July. Such an achievement will clearly enrich her service to the institution as Bursar in charge of the day-to-day finances of the college, and is a legitimate purpose for such leave.
The sole remaining question is whether the respondents have been properly authorized to expend such funds for petitioner’s sabbatical leave. Petitioner was notified by the President of the college on June 16, 1972 that the Board of Trustees had approved her request for sabbatical leave and her salary and sabbatical leave were authorized in the budget of Nassau Community College adopted on August 28, 1972 (Ordinance No. 210-1972) by the Nassau County Board of Supervisors. (See Code No. 87 thereof, with items “ ZPN Bursar $10,665 ” and “ zptsablvs for faculty $10,664 ” each representing six months’ salary for petitioner.) While respondent argues that these dollar amounts were-not approved in Ordinance No. 211-1972, which provides an $18,031 annual salary for the Bursar, petitioner points out without contradiction that this apparent discrepancy is due only to the county’s refusal to grant the previously anticipated incremental salary increases. Thus it seems clear that petitioner’s annual salary was approved by the County Board of Supervisors in Ordinance No. 211 as well as her sabbatical leave in Ordinance No. 210. Accordingly, payment by the county of petitioner’s salary while she is on authorized sabbatical leave is not constitutionally defective. (See, generally, Matter of Antonopoulou v. Beame, 32 N Y 2d 126.)
For all the above reasons, petitioner is granted judgment against the respondents authorizing and directing them to release and pay to petitioner her salary checks from March 1, 1973 to the present and to continue such regular salary payments through August 31, 1973, the date upon which her sabbatical leave terminates.